# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVEN ROY FRENCH,**
**Inmate #22-3896,**

    Plaintiff,

vs.                                Case No. 4:23cv458-WS-MAF

**FLORIDA SUPREME COURT,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed an in forma pauperis motion, ECF No. 4, and a civil rights complaint, ECF No. 1. On November 29, 2023, Plaintiff's in forma pauperis motion was granted and Plaintiff's complaint, ECF No. 1, was reviewed as required by 28 U.S.C. § 1915A. Finding it insufficient because it appear that Plaintiff was attempting to use this case in an effort to appeal decisions of the Florida Supreme Court, Plaintiff was required to either file an amended complaint or file a notice of voluntary dismissal. ECF No. 6. Plaintiff's deadline to take either action was January 4, 2024. *Id.* As of this date, nothing further has been filed.

Notably, Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. In light thereof, it appears that Plaintiff has abandoned this litigation and would rather the Court dismiss this case since he has elected not to voluntarily dismiss it.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Here

Plaintiff was forewarned and did not respond to a Court Order. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**